IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO BEATO-ESTRELLA, | : | CIVIL ACTION NO. 3:26-CV-245 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| M. ARVIZA,[1] | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Domingo Beato-Estrella, proceeding *pro se*, filed a petition (Doc. 1) for a writ of habeas corpus seeking the removal of an immigration detainer placed upon him by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 2 at 3). He argues this detainer deprives him of eligibility for earned time credits, meaningful consideration for Residential Reentry Center placement, and a potential transfer to community custody. (Id.).

A federal prisoner can bring a habeas petition when he is challenging "the execution of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)). To challenge the execution of a sentence, a prisoner must show the Bureau of Prisons ("BOP") is taking some action that is "inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

---

[1] Though his petition named G. Swaney as the respondent, counsel has clarified M. Arviza has recently transferred to become the warden of the facility housing Beato-Estrella. (Doc. 6 at 1 n.1).

As an initial manner, Beato-Estrella fails to mention his initial judgment at all, let alone point to a specific command or recommendation the BOP is failing to carry out. Moreover, none of the harms Beato-Estrella complains about can give rise to a habeas action at this time. As pointed out by Warden Arviza, Beato-Estrella is ineligible for good-time credits, a fact he does not deny. (See Doc. 7) (Beato-Estrella's reply where he does not contest his ineligibility for good-time credits). See also, 18 U.S.C. § 3632(d)(4)(D)(lxvi) (excluding people convicted of distributing fentanyl from earning good-time credits). As for his consideration for placement to a Residential Reentry Center or community custody, no decision has been made yet, nor could one be. A prisoner is only eligible for placement in a residential reentry center or community corrections facility for up to the final year of his term of imprisonment. 18 U.S.C. § 3624(c)(1). Beato-Estrella still has over a decade left to serve, (Doc. 6-3 at ECF 3), so this claim is premature. Thus, no part of the execution of Beato-Estrella's sentence has been contrary to law at this point, and there is nothing for this court to review.

The final aspect of Beato-Estrella's filings that warrants further consideration is the caselaw on which he relies. Addressing the least troubling case first, Beato-Estella cites Galarza v. Szalczyk, 745 F.3d 634 (3d Cir. 2014). While this is, indeed, a real case, it does not support Beato-Estrella's position. Galarza held that ICE detainers are requests to state officials, and these officials cannot simply detain people without doing any further research as to whether a person should be detained. Id. at 640. In this case, there is no question that Beato-Estrella should be

2

detained; he committed a crime. So, <u>Galarza</u> does not assist in advancing Beat-Estrella's position.

The other cases Beato-Estrella cites are more troubling. He purports to cite <u>Santos v. Warden Allenwood FCI</u>, No. 1:17-CV-02116, 2018 WL 1178251 (M.D. Pa. Mar. 6, 2018), <u>Rodriguez v. Ebbert</u>, No. 3:14-CV-02404, 2015 WL 1810315 (M.D. Pa. Apr. 21, 2015), and <u>Cruz v. United States</u>, No. 1:16-CV-01034, 2016 WL 8732312 (M.D. Pa. Dec.16, 2016) in support of his argument. (Doc. 2 at 3). The problem is none of these cases appear to exist. Using the West Law reporter numbers, the corresponding cases are <u>Certain Underwriters at Lloyd's, London v. Pettit</u>, No. C17-259RSM, 2018 WL 1178251 (W.D. Wash. Mar. 6, 2018) (involving the Oil Pollution Act), <u>D.S. v. Dep't of Child. & Fams.</u>, 164 So. 3d 29 (Fla. Dist. Ct. App. 2015) (involving a question of parental rights under Florida law), and <u>Black Water Mgmt., LLC v. Sprenkle</u>, No. 3:15CV365, 2016 WL 8732312 (E.D. Va. Sept. 30, 2016), <u>aff'd</u>, 691 F. App'x 715 (4th Cir. 2017) (involving a question of diversity jurisdiction). None of these cases are even in the same subject matter as the present dispute.

Using the docket numbers of from this court fares no better. Under that method, the correct cases are <u>Firestone v. Rockovich</u>, No. 1:17-CV-2116, 2018 WL 347728 (M.D. Pa. Jan. 10, 2018) (involving a state prisoner suit for deprivation of property), <u>Fagal v. Marywood Univ.</u>, No. 3:14-CV-02404, 2018 WL 1993790 (M.D. Pa. Apr. 27, 2018), <u>aff'd</u>, 786 F. App'x 353 (3d Cir. 2019) (involving breach of contract), and <u>Drake v. Warden of Allenwood Low</u>, No. 1:16-CV-01034, 2016 WL 7324529 (M.D. Pa. Dec. 16, 2016) (involving a habeas challenging attacking the

conviction itself, not the execution of the sentence). These cases are similarly irrelevant to the present dispute.

Beato-Estrella is cautioned that not all resources are created equal. For example, AI programs have been known to hallucinate, or create fake cases, in response to a user's query. Benjamin v. Costco Wholesale Corp., 779 F. Supp. 3d 341, 342 (E.D.N.Y. 2025). The court understands legal research is difficult for anyone, especially when considering the constraints of doing so while incarcerated. Still, even though the court affords latitude to parties who are *pro se*, they must still ensure to follow the rules of the court and cite to actual law.

In any event, it is clear the court does not have jurisdiction over Beato-Estrella's current petition. He has not pointed to any aspect of his original judgment being ignored by the BOP. Nor is he presently eligible for any program to which an ICE detainer is depriving access. Therefore, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

March 16th, 2026

4